Melanie J. Vartabedian (SBN 278181)
vartabedianm@ballardspahr.com
**BALLARD SPAHR LLP**
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: 801.531.3000
Facsimile: 801.531.3001

Susan N. Nikdel (SBN 317921)
nikdels@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendants VIVINT SOLAR, INC. and VIVINT SOLAR DEVELOPER, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JACKSON, an individual; SHIRLEY JACKSON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> VIVINT SOLAR, INC., a Delaware corporation; and VIVINT SOLAR DEVELOPER, LLC, a Delaware limited liability company; and DOES 1-20, <br><br> Defendants. | CASE NO. 2:21-CV-02986 <br><br> **NOTICE OF REMOVAL** <br><br> (Pursuant to 28 U.S.C. § 1331 – Federal Question & 28 U.S.C. § 1332 – Diversity Jurisdiction) |

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. Sections 1331, 1332, 1441, and 1446, Defendant Vivint Solar, Inc. and Defendant Vivint Solar Developer, LLC (collectively "Vivint Solar") hereby remove to this Court the state court action described below.

## I. THE REMOVED CASE

On or about February 22, 2021, Plaintiff James Jackson and Plaintiff Shirley Jackson ("Plaintiffs") filed a Complaint against Vivint Solar, in the Superior Court of the State of California, County of Los Angeles, Case No. 21AVCV00126 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**. Plaintiff first served Vivint Solar with a copy of the Complaint on or about March 26, 2021. Vivint Solar has not taken any other action in the State Court Action.

The Complaint asserts claims against Vivint Solar for violation of: (1) the Elder Abuse and Dependent Adults Civil Protection Act, Welf. & Inst. Code § 15610.07 et seq.; (2) the Home Solicitation Sales Act, Civil Code § 1689.5 et seq.; (3) intrusion upon seclusion; (4) the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.; (5) the Unfair Competition Law, Business & Professions Code § 17200, et seq.; (6) fraud – concealment; and (7) negligence. The Complaint relates to a Residential Solar Power Purchase Agreement that Plaintiffs entered with Vivint Solar (the "Agreement"). Pursuant to the Agreement, Vivint Solar agreed to install a solar photovoltaic system (the "System") at a residence in Palmdale, California and Plaintiffs agreed to purchase energy generated by the System.

Pursuant to 28 U.S.C. § 1331, a federal district court will have original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." Additionally, pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). A limited liability company is deemed a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

## II.   PROCEDURAL REQUIREMENTS

Generally, a defendant has 30 days from the date of service of an initial pleading to remove a case. 28 U.S.C. § 1446(b). Here, removal of this action is timely. Plaintiff first provided Vivint Solar with a copy of the Complaint on or about March 11, 2021. This Notice of Removal is being filed with the Court on April 6, 2021, *i.e.*, within 30 days after Vivint Solar was served.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the Action in Vivint Solar's possession are contained in Exhibits A-B.

Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the Action has been pending.

Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of the same in this Court.

Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of the same in this Court.

If any question arises as to the propriety of the removal of this action, Vivint Solar requests the opportunity to conduct discovery, brief any disputed issues, and to present oral argument in favor of its position that this case is properly removable.

Nothing in this Notice of Removal shall be interpreted as a consent to be sued

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

in court or a waiver or relinquishment of Vivint Solar's right to assert defenses, including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join an indispensable party or parties, or (viii) any other procedural or substantive defenses available under state or federal law.

## III. FEDERAL QUESTION JURISDICTION EXISTS

The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that Vivint Solar may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiffs alleges a violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") (*see* Compl., ¶¶ 86-98), a claim that is created by, and arises under, federal law. To the extent Plaintiffs' other claims in the State Court Action arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441 (c).

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT FOR DIVERSITY JURISDICTION IS MET

Removal is also proper on diversity grounds because the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

In the Ninth Circuit, a removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This standard is not "daunting" and courts recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1024-25 (E.D. Cal. 2008). Where, as here, the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See*

3
NOTICE OF REMOVAL

*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). Here, it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

As a preliminary matter, the Civil Case Cover Sheet filed by Plaintiffs in the State Court Action indicates that at a minimum, the amount in controversy exceeds $25,000 because Plaintiffs checked the box for "Unlimited" matter which denotes that the "amount demanded exceeds $25,000." *See* Exhibit B.

Furthermore, as alleged in the Complaint, Plaintiff seeks to rescind the Agreement which, if fully performed, would result in Plaintiffs paying Vivint Solar for the sale of energy, plus applicable taxes and fees for 20 years. *See* Compl. ¶ 78 and Exhibit A and Prayer for Relief. The expected income to Vivint Solar under the Agreement is approximately $43,887.16 over the next 20 years.

Additionally, Plaintiffs seek damages for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. *See* Compl. ¶ 86-98. A plaintiff claiming a negligent violation, may seek actual damages arising from an FCRA violation. *See* 15 U.S.C. § 1681o(a)(1)-(2). A plaintiff claiming a willful violation of the FCRA may seek either actual damages or statutory damages of $100 to $1,000, plus punitive damages. *See* 15 U.S.C. § 1681n(a)(1)-(2). Whether claiming a negligent or willful violation, a plaintiff may recover costs and reasonable attorneys' fees. *See* 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2). If Plaintiff can prove credit injury, emotional distress and a loss of reputation are become compensable even in the absence of out-of-pocket expenses. *See Arriola v. Safeco*, 15 F.3d 1082 (9th Cir. 1993).

Moreover, Plaintiffs seek damages for a violation of the Elder Abuse and Dependent Adults Civil Protection Act, Welf. & Inst. Code § 15610.07 et seq. *See* Compl. ¶ 61-67. Section 15657 provides that a plaintiff may recover attorney fees, costs and punitive damages, as well as pain and suffering and emotional distress damages. Plaintiffs also seek actual and compensatory damages for their alleged

4
NOTICE OF REMOVAL

fraud – concealment, negligence, and intrusion upon seclusion claims, which can also carry significant damages.

Additionally, Plaintiffs seek punitive damages. *See* Compl. ¶ 72. "It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the Plaintiff's claims for relief. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001). Here, Plaintiffs seek punitive damages under their intrusion upon seclusion claim, FCRA claim, fraud claim, and negligence claim.

Plaintiffs also seek attorneys' fees. *See* Compl. ¶ 84. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. April 24, 1995) ("The amount in controversy may also include…attorney fees if recoverable by statute or contract."). As alleged in the Complaint, under Code of Civil Procedure § 1021.5, Plaintiffs are entitled to an award of attorneys' fees and costs in prosecuting this action. *See* Compl. ¶ 109.

Plaintiffs' attorneys' fees will cause the total value of the suit to exceed $75,000. Federal courts in California have consistently held that rates ranging from $300 an hour to $700 an hour, corresponding to experience, are reasonable. *See Eclipse Crp. LLP v. Target Corp.*, Case No. 15-CV-1411 JLS (BLM), 2020 U.S. Dist. LEXIS 175770 (S.D. Cal, Sept. 24, 2020) (finding an hourly rate of $475 reasonable for an of-counsel attorney with 16 years of experience; an hourly rate of $520 reasonable for a partner with 14 years of experience; and a rate of $700 reasonable for a partner with 29 years of experience); *Caccamise v. Credit One Bank, N.A.*, Case No. 18-CV-971 JLS (BLM), 2020 U.S. Dist. LEXIS 27251 (S.D. Cal., Feb. 18, 2020) (finding an hourly rate of $300 reasonable for an associate attorney who had been practicing for one-half to one and one-half years; and an hourly rate of $400 reasonable for an attorney with between three and four years of practice).

Opposing counsel Ronald Wilcox is a partner at Wilcox Law Firm P.C. with 26 years of experience. Opposing counsel Andrew Milz is a partner at Flitter Milz P.C. with 13 years of experience. Conservative estimates of the time it takes to investigate a claim, conduct discovery, take depositions, prepare for hearings and trial, and arguing during those hearings and trial would cause the amount in controversy to exceed the $75,000 threshold.

Accordingly, although Vivint Solar disputes that it is liable for any damages whatsoever to Plaintiffs, a conservative estimate of Plaintiffs' alleged damages is over $75,000.

## V.  **COMPLETE DIVERSITY EXISTS**

Removal is proper because there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. Plaintiffs are, and were at the time of filing of the Complaint, citizens and residents of California. (*See* Exhibit A, ¶ 7).

Defendant Vivint Solar, Inc. is, and was at the time of filing of the Complaint, a corporation organized solely under the laws of the state of Delaware. Vivint Solar, Inc. is an indirect, wholly owned subsidiary of Sunrun Inc., a corporation organized solely under the laws of the state of Delaware.

Defendant Vivint Solar Developer, LLC is, and was at the time of filing of the Complaint, a limited liability company. The sole member of Vivint Solar Developer, LLC is Vivint Solar, Inc., which is a corporation organized solely under the laws of the state of Delaware. Accordingly, Vivint Solar Developer, LLC is a citizen of Delaware.

The citizenship of the fictitious Doe Defendants named in the Complaint are disregarded in assessing diversity jurisdiction for removal purposes. *See* 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Bryant v. Ford Motor Co. (Bryant II)*, 886 F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity

jurisdiction.").

For the foregoing reasons, complete diversity exists as Defendant Vivint Solar, Inc. is a resident of Delaware, Defendant Vivint Solar Developer, LLC is a citizen of Delaware, and Plaintiffs are residents of California.

## VI.   CONCLUSION

The Action may be removed to this Court by Vivint Solar in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California; (ii) federal question jurisdiction exists because Plaintiff allege violation of the FCRA, a claim that is created by, and arises under, federal law; (iii) the action involves diversity jurisdiction because the parties are citizens of different states; and (iv) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

WHEREFORE, Vivint Solar respectfully requests that this matter currently pending in the Superior Court of Los Angeles County, California be removed to this Court.

Dated: April 6, 2021

**BALLARD SPAHR, LLP**
MELANIE J. VARTABEDIAN
SUSAN N. NIKDEL

By:   */s/ Melanie J. Vartabedian*
         Melanie J. Vartabedian

Attorneys for Defendants VIVINT SOLAR, INC. and VIVINT SOLAR DEVELOPER, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2021, I served a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL** and all exhibits attached hereto to the following parties via first class mail addressed to:

| | |
|---|---|
| Ronald Wilcox<br>Allison Krumhorn<br>WILCOX LAW FIRM P.C.<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126-1138<br>ronaldwilcox@gmail.com<br><br>*Attorneys for Plaintiff Margaret Hicks* | Cary L. Flitter<br>Andrew M. Milz<br>Omi Lorenzano<br>FLITTER MILZ, P.C.<br>450 N. Narberth Ave. Suite 101<br>Narberth, PA 19072<br>cflitter@consumerslaw.com<br>amilz@consumerslaw.com<br>olorenzano@consumerslaw.com<br><br>*Attorneys for Plaintiff Margaret Hicks* |

*/s/ Melanie J. Vartabedian*
Melanie J. Vartabedian